IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IN RE LETTER OF REQUEST )
FROM RUSSIA )
IN THE MATTER OF ) Misc. No. 06-
JOHNSON INDUSTRIES )

**GOVERNMENT'S MEMORANDUM OF LAW
IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from Russia. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Russian authorities who are investigating a case of alleged customs tax evasion.

EVIDENCE SOUGHT:

The Russian authorities seek information from the Delaware Secretary of State's Office and a company that may reside in this District. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

(a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the

court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." *In Re Letter of Request from the Crown Prosecution Services of the United Kingdom*, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the information sought is for use in such proceedings in Russia and

hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled <u>ex parte,</u> and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: /s/ Richard G. Andrews
Richard G. Andrews
Assistant U.S. Attorney
Delaware Bar I.D. No.2199
1007 N. Orange Street
Wilmington, DE  19801
(302) 573-6277

Dated: 3/28/06

22

To the competent bodies of
the United States of America

## APPLICATION FOR ASSISTANCE IN CRIMINAL CASE

The Department of Investigation affiliated to Gorky Transport Administration of Internal Affairs investigates a criminal case № 1122/01034 initiated in May 18, 2005 on the basis of a crime stipulated by article 194 Part 2 of Criminal Code of Russian Federation- Customs evasion of the organization or natural person. Over the period from March to December, 2004 in the context of Contract № 5 dated 05.0.2004 between the provider "JOHNSON INDUSTRIES LTD" (1220 Market Building 1980 Wilmington USA, Director Bill Morgan) and the purchaser "MART Llc" (Russian Federation, code ИНН 526211028, code ОКПО 59629101, 603022 Nizhni Novgorod, Oksky syezd, 2, Director Shnir Aleksandr Vitalyevitch) under customs registration at the customs house Dzerzhinski of Nizhegorodian Customs to the territory of the Russian Federation 13 consignments of goods – regenerated protein coverings for sausages were imported. At the customs registration of the stipulated goods the Declarator "MART Llc" claimed the customs value to be $ 0,87- 0,90 for 1 kg. Afterwards during the official examination it was found out that the claimed customs value of the given kind of goods was underestimated by a factor of seven and more. The sum of arrears of customs duties concluded 9182290 roubles 54 copecks that exceeded the large scale of customs evasion, namely 1 500 000 roubles.

The analysis of the available in the criminal case documents showed that "regenerated protein covering" (code 3917101000) was produced by public limited corporation "Prilukski zavod "Belkozin" plant (Priluki, the Ukraine), whereupon on the basis of the Contract № 4 dated 05.01.2004 between the provider public limited corporation "Prilukski zavod "Belkozin" plant and the purchaser "ANGLOMARK CORPORATION Limited" (Queen Ann St., 43, London WIM OJJ, Great Britain) it was imported in several consignments according to the purchaser's address to the bonded warehouse UAB "KONA" (Vilnius) in Lithuania, but for all that the price per the goods was set depending on the diameter that is $ 33,6 to 86,5 for 1000 running meters. The currency of the contract is US dollars. The delivery of the goods was made on one carrier CVK480/ZL068. The company "ANGLOMARK CORPORATION Limited" in its turn appeared to be the forwarder of the goods from Lithuania under the contract № 5 dated 05.0.2004 on the instructions of "JOHNSON INDUSTRIES LTD" (USA) to the "MART Llc". Thus the goods delivered to the bonded warehouse of Lithuania under the contract № 4 dated 05.01.2004 went to the address of "MART Llc". During the customs registration of the stated goods at the customs house Dzerzhinski of Nizhegorodski customs the Declarator "MART Llc" claimed the customs value to be underestimated by a factor of 7 and more .

As a result of comparative analysis of documents provided by "MART Llc" during the consignment and documents registration that confirmed the import of the goods to Lithuania, the following was discovered:
- As per the invoice dated 22.03.2004 № 4157 CMR SEA 0489969 dated 22.03.2004 the delivery of goods by public limited corporation "Prilukski zavod

23

"Belkozin" plant was made to Lithuania to the address of "ANGLOMARK CORPORATION Limited" in the quantity of gross weight of 19965 kg, net weight of 18052 kg, running meters of 2113,16, the sum amounts to $ 113653,94. "ANGLOMARK CORPORATION Limited" on the instructions of "JOHNSON INDUSTRIES LTD" (USA) delivers the goods to "MART Llc" which registers them in the quantity of gross weight of 19965 kg, net weight of 18052 kg, running meters of 2113,16, CMR 8LA 0489632 dated 26.03.2004. The sum as per the invoice № 20040325 dated 25.03.04 amounts to $ 16246,8.

- As per the invoice dated 15.04.2004 № 4198 CMR 8LA 0489634 dated 22.03.2004 the delivery of goods by public limited corporation "Prilukski zavod "Belkozin" plant was made to Lithuania to the address of "ANGLOMARK CORPORATION Limited" in the quantity of gross weight of 18345 kg, net weight of 16337 kg, running meters of 2177,32, the sum amounts to $ 109714,38. "ANGLOMARK CORPORATION Limited" on the instructions of "JOHNSON INDUSTRIES LTD" (USA) delivers the goods to "MART Llc" which registers them in the quantity of gross weight of 18345 kg, net weight of 16337 kg, running meters of 2177,32, CMR 8LA 0489640 dated 26.03.2004. The sum as per the invoice № 20040417 dated 17.04.04 amounts to $ 14213,19.

- As per the invoice dated 27.04.2004 № 4221 CMR 8LA 0489641 the delivery of goods by public limited corporation "Prilukski zavod "Belkozin" plant was made to Lithuania to the address of "ANGLOMARK CORPORATION Limited" in the quantity of gross weight of 18515 kg, net weight of 16448 kg, running meters of 2191,30, the sum amounts to $ 110675,97. "ANGLOMARK CORPORATION Limited" on the instructions of "JOHNSON INDUSTRIES LTD" (USA) delivers the goods to "MART Llc" which registers them in the quantity of gross weight of 18515 kg, net weight of 16448 kg, running meters of 2191,30, CMR 8LA 0489642 dated 26.03.2004. The sum as per the invoice № 20040429 dated 29.04.04 amounts to $ 14309,76.

- As per the invoice dated 17.05.2004 № 4249 CMR 8LA 0489643 the delivery of goods by public limited corporation "Prilukski zavod "Belkozin" plant was made to Lithuania to the address of "ANGLOMARK CORPORATION Limited" in the quantity of gross weight of 19980 kg, net weight of 17762 kg, running meters of 2116,80, the sum amounts to $ 113425,05. "ANGLOMARK CORPORATION Limited" on the instructions of "JOHNSON INDUSTRIES LTD" (USA) delivers the goods to "MART Llc" which registers them in the quantity of gross weight of 19980 kg, net weight of 17762 kg, running meters of 2116,80, CMR 8LA 0489644 dated 26.03.2004. The sum as per the invoice № 722 dated 20.05.04 amounts to $ 15452,94.

- As per the invoice dated 14.06.2004 № 4300 CMR 8LA 0489659 the delivery of goods by public limited corporation "Prilukski zavod "Belkozin" plant was made to Lithuania to the address of "ANGLOMARK CORPORATION Limited" in the quantity of gross weight of 19815 kg, net weight of 17548 kg, running meters

24

of 2157,28, the sum amounts to $ 115930,12. "ANGLOMARK CORPORATION Limited" on the instructions of "JOHNSON INDUSTRIES LTD" (USA) delivers the goods to "MART Llc" which registers them in the quantity of gross weight of 19815 kg, net weight of 17548 kg, running meters of 2157,28, CMR 8LA 0489660. The sum as per the invoice № 852 dated 15.06.04 amounts to $ 15266,76.

- As per the invoice dated 29.06.2004 № 4333 CMR 8LA 0489657 the delivery of goods by public limited corporation "Prilukski zavod "Belkozin" plant was made to Lithuania to the address of "ANGLOMARK CORPORATION Limited" in the quantity of gross weight of 19835 kg, net weight of 17588 kg, running meters of 2100,90, the sum amounts to $ 112628,58. "ANGLOMARK CORPORATION Limited" on the instructions of "JOHNSON INDUSTRIES LTD" (USA) delivers the goods to "MART Llc" which registers them in the quantity of gross weight of 19835 kg, net weight of 17558 kg, running meters of 2100,90, CMR 8LA 0489663. The sum as per the invoice amounts to $ 15301,56.

- As per the invoice dated 21.07.2004 № 4384 CMR 8LA 0489664 dated 22.03.2004 the delivery of goods by public limited corporation "Prilukski zavod "Belkozin" plant was made to Lithuania to the address of "ANGLOMARK CORPORATION Limited" in the quantity of gross weight of 19800 kg, net weight of 17571 kg, running meters of 2056,20, the sum amounts to $ 112411,53. "ANGLOMARK CORPORATION Limited" on the instructions of "JOHNSON INDUSTRIES LTD" (USA) delivers the goods to "MART Llc" which registers them in the quantity of gross weight of 19800 kg, net weight of 17571 kg, running meters of 2056,20, CMR 8LA 0489671. The sum as per the invoice № 1039 dated 21.07.04 amounts to $ 15286,77.

On the basis of "Mutual Assistance Pact In Criminal Cases" between the Russian Federation and the United States of America (Moscow, 17.06.1999) we ask You to give legal assistance in the present criminal case.

We assure You that the committed crime isn't political, and all the information got within the present international assistance will be used solely in the context of the criminal case in question. If necessary, for our part analogous legal assistance will be given.

On the basis of the stated we ask You to commission your personnel to undertake the following investigative actions:

1. to ascertain the following:
    - if the company "JOHNSON INDUSTRIES LTD" registered or located to the address:1220 Market Building 1980 Wilmington USA;
    - who heads the stated company at the present time, and who headed it at the point of time of 05.01.2004;
    - if the stated company made the contract № 05 dated 05.01.2004 with the "MART Llc") 603022, Russian Federation, Nizhni Novgorod, Okski syezd, 2) for the

25

delivery to the address of the "MART Llc" of a number of goods including regenerated protein coverings for sausages;
- if any contracts or other agreements were made between the companies "JOHNSON INDUSTRIES LTD" and "ANGLOMARK CORPORATION Limited" (48 Queen Ann Street London WIM O.J.J. Great Britain), in accordance with which "ANGLOMARK CORPORATION Limited" had been charged to make deliveries to the address of the "MART Llc" of regenerated protein coverings for sausages in the period of time from March to December, 2004 in the context of the aforesaid contract;
- if the answer is affirmative we ask You to get and forward us exemplifications of forgoing contracts (including additional agreements and specifications) as well as the copies of covering documents concerning deliveries of goods to the address of the "MART Llc", namely:
  - contracts (delivery agreements, inquiries);
  - transportation and other dispatch documents;
  - logs of the goods;
  - payment documents (invoices, pro-forma-invoices, инвойсы);
  - export declarations;
  - CMR, CARNET TIR;
  - documents confirming the status of the recipient (organization name, legal address, contact telephones, names of the directors).

2. Accordingly to the available data, contract № 05 dated 05.01.2004 was signed by Bill Morgan from "JOHNSON INDUSTRIES LTD". We ask You to identify his person, his location and examine him as a witness under the following circumstances:
- where, when and under which circumstances was the aforesaid contract made? On what terms?
- Were the commissions by the company "ANGLOMARK CORPORATION Limited" (48 Queen Ann Street London WIM O.J.J Great Britain) given to the delivery of regenerated protein coverings for sausages to the "MART Llc" in the context of contract № 05 dated 05.01.2004? If yes, what was it made in connection with and on the basis of which documents?
- Why weren't the deliveries of the goods made simpliciter but by means of commissions?
- What company should regenerated protein coverings for sausages, which must have been delivered to the address of the "MART Llc", have produced and at what price?
- How is it possible to explain that "ANGLOMARK CORPORATION Limited" bought coverings for sausages in the Ukraine at some price and then delivered them on the instructions of "JOHNSON INDUSTRIES LTD" to the address of the "MART Llc" at the price seven times as lower as purchasing price, that is at a loss, and it contradicts to any commercial policy? What is it connected with?
- Why did the "MART Llc" tendered documents at the registration of the goods at Nizhegorodian Customs sent to their address by facsimile by "JOHNSON INDUSTRIES LTD" namely invoices, specifications, packing lists where the country of origin, section diameter, type of sausage covering, length of running meters, color

26

are not stated that violates cl. 3.1 of foreign trade contract № 05 dated 05.01.2004, according to which "provider delivers goods in quantity, integration and range accordingly to specific lists, stated in invoices and/or specifications of each consignment, ...?

During the examination we ask You to show the witness copies of invoices, pro-forma-invoices, packing lists, which are attached to the international commissions and find out if the documents in question were forwarded to the address of "MART Llc". If yes, why weren't the country of origin, section diameter, type of sausage covering, length of running meters, color stated, that violates cl. 3.1 of foreign trade contract № 05 dated 05.01.2004?

We ask You to sent the documents of the commission executed to the address: 103009, Moscow, Gazetni pereulok, 6.

In case of impossibility to comply with the commission we ask You to inform the initiator about the circumstances hindering from complying the commission.

Attachment:
- Copies of invoices № 200403025 and № 20040417;
- Copies of specifications № 031 and № 037;
- Copies of packing lists to the invoices № 200403025 and № 20040417;
- Copies of pro-forma-invoices № 200403031 and № 200404037;
- Abstract from Criminal Code of the Russian Federation containing 2 pages;
- Abstract from Procedural Criminal Code of the Russian Federation containing 5 pages;
- Abstract from the Constitution of the Russian federation containing 1 page.

We are grateful to you for cooperation.

Investigator
of The Department of Investigation
affiliated to Gorky Transport
Administration of Internal Affairs

Lieutenant of Justice                                                S.V.Sharpanov
Telephone (8-831-2) 48-86-36

---

*Перевод выполнен Региональным Экспертным Бюро по переводу следственных и судебных материалов фирмы «Внешсервис»*

*Перевод соответствует оригиналу*

*Генеральный директор РЭБ фирмы «Внешсервис»*                  *В.В.Подлегаев*

*Эксперт - переводчик*                                          *Е.В.Новоселова*

27

# Abstracts from the corresponding articles of the Russian Federation Criminal Code

**Article 194. Customs evasion of the organization or natural person** (Edition of the Federal law from 8th December 2003 No. 162-ФЗ).

1. Customs evasion committed by organization or natural person on a large scale amount involves penalty at the rate of from one hundred thousand RUR to three hundred thousand RUR or at the rate of salary or other profit of a convicted over the period from one year to two years; or obligatory works for the period from 180 to 240 hours or imprisonment for the period up to 2 years (Edition of the Federal law from 8th December 2003 No. 162-ФЗ).
2. Customs evasion committed by
   a) a group of persons with preliminary collusion;
   b) invalid - Federal law from 8th December 2003 No. 162-ФЗ;
   c) invalid - Federal law from 8th December 2003 No. 162-ФЗ;
   d) on a large scale

Involves penalty at the rate from one hundred thousand to five hundred thousand RUR or at the rate of salary or other profit of a convicted over the period from one to three years; or imprisonment for the period up to five years with the revocation of right to hold a certain post or to be engaged in the certain activity for the period of up to three years or without such a period (Edition of the Federal law from 8th December 2003 No. 162-ФЗ).

**Note:** Customs evasion admits perpetrated on a large scale if the sum of the not returned foreign currency exceeds five hundred thousand RUR, in the case of extra large scale customs evasion admits perpetrated scale if the sum of the not returned foreign currency exceeds one million five hundred thousand RUR.
(Article in the edition of the Federal law from 8th December 2003 No. 162-ФЗ).

**Article 307. False testimony, expert's statement or wrong translation.** (Edition of the Federal law from 8th December 2003 No. 162-ФЗ).

1. False testimony, expert's statement or wrong translation in the court or during preliminary investigation (Edition of the Federal law from 8th December 2003 No. 162-ФЗ).
   involves penalty at the rate up to 80 thousand roubles or at the rate of one salary or other profit of a guilty person during the period up to 6 months, or obligatory works for the period from 180 to 240 hours or disciplinary work for the period up to 2 years or imprisonment for the period up to 3 months. (Edition of the Federal law from 8th December 2003 No. 162-ФЗ).
2. False testimony, expert's statement or wrong translation in the court or during preliminary investigation committed by the person accused of grave crime or specially grave crime involves imprisonment for the period up to 5 years.
3. **Note:** The attestor, victim, expert or interpreter are released from the criminal responsibility, if they state an inaccuracy of their testimonies during the

inquiry, preliminary investigation or court examination before passing of sentence or judgement. (Edition of the Federal law from 8th December 2003 No. 162-ФЗ).

### Article 308. Failure of the attestor or victim to give evidence

Failure of the attestor or victim to give evidence involves penalty at the rate up to 100 thousand roubles or at the rate of one salary or other profit of a guilty person during the period up to 3 months, or obligatory works for the period from 120 to 180 hours or disciplinary work for the period up to 1 year or imprisonment for the period up to 3 months. (Edition of the Federal law from 8th December 2003 No. 162-ФЗ).

**Note:** Nobody is subject to criminal responsibility for failure to give witness against self, marital partner or close relatives.

---

Перевод выполнен Региональным Экспертным Бюро по переводу следственных и судебных материалов фирмы «Внешсервис»

Перевод соответствует оригиналу

Генеральный директор РЭБ фирмы «Внешсервис»   В.В.Подлегаев

Эксперт-переводчик   В. Новоселова

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE LETTER OF REQUEST ) | |
| FROM RUSSIA ) | |
| IN THE MATTER OF ) | Misc No. 06- |
| JOHNSON INDUSTRIES ) | |

ORDER

Upon application of the United States of America; and upon examination of a letter of request from Russia whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in Russia and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that Richard G. Andrews, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the Russian authorities as follows:

   1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

   2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

   3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court in Russia, which procedures may be specified in the request or provided by the Russian authorities;

   4. seek such further orders of this Court as may be necessary to execute this request; and

   5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Russian authorities.

   IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

   Dated: This _____ day of _____, 2006.


                  _____
                   United States District Court Judge